IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TONY EUGENE GRIMES,           )
#148206,                      )
                              )
    Petitioner,               )
                              )
v.                            )    CIV. A. NO. 21-00255-JB-MU
                              )
CHADWICK CRABTREE,[1]         )
                              )
    Respondent.               )

## **REPORT AND RECOMMENDATION**

Tony Eugene Grimes, a state prisoner presently in the custody of Respondent,

has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

(Doc. 1). This matter was referred to the undersigned for the entry of a report and

recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of

Civil Procedure, and General Local Rule 72(a)(2)(R). Having carefully reviewed the

record, Grimes's petition, Respondent's answer, and all other documents and exhibits

filed in this matter, the undersigned finds there are sufficient facts and information upon

which the issues in this case may be resolved. Therefore, no evidentiary hearing is

required. Based upon the undersigned's review, it is recommended that the petition be

denied. The undersigned also recommends that Grimes's accompanying motions (Docs.

26, 31, and 33) be denied.

---

[1] The Clerk of Court is **DIRECTED** to terminate Guy Noe as Respondent in this action and to add
Chadwick Crabtree as Respondent. Rule 2 of the Rules Governing Section 2254 Cases in the United
States District Courts requires that "the petition must name as respondent the state officer who has
custody" if the petitioner is currently in state custody. The Alabama Department of Corrections online
inmate directory shows that Grimes is currently incarcerated at Limestone Correctional Facility, where
Chadwick Crabtree is acting as Warden.

# I. FACTUAL AND PROCEDURAL HISTORY

## A. History of Underlying Criminal Conduct

In summer of 1987, 18-year-old Tony Eugene Grimes was facing four theft-related cases in the Circuit Court of Mobile County, Alabama: three charges of third-degree burglary (Case Numbers CC-87-1762, CC-87-1763 and CC-87-1767) and one charge of receiving stolen property in the second degree (Case Number CC-87-1766). (Doc. 10-1, pp. 3, 11, 19, 27). As it turned out, Grimes was only 17 years old when two of the crimes were committed. (Doc. 10-11, p. 95). Grimes's court-appointed attorney moved to have Grimes treated as a youthful offender in all four cases, but the trial court denied the request. (Doc. 10-1, pp. 3, 11, 19, 27). Grimes ultimately pleaded guilty in all four cases and was sentenced to five years of imprisonment for each charge. (Doc. 10-1, pp. 3-4, 11-12, 19-20, 27-28). The sentences were to run concurrently with each sentence split to serve six months in prison and the remaining four years and six months on probation. (Id.) Grimes did not appeal the convictions or the sentences. (Doc. 10-15, p. 1).

A few years later, Grimes's probation was revoked, and he was ordered to serve the remainder of his 1987 sentences. (Doc. 10-1, pp. 7, 15, 23, 31). Notably, Grimes has also been sentenced to Life Without Parole for subsequent convictions for murder and escape. (Doc. 10-11, p. 94).

## B. History of Post-Conviction Proceedings

### i. From 1987 to 2015, Grimes sought post-conviction relief in the Alabama courts many times, but he never raised an issue about his age at the time of those convictions.

In 1996, almost ten years after being sentenced, Grimes started his quest for post-conviction relief from those 1987 convictions. (Doc. 10-1, pp. 37-47). He filed his

first Petition for Postconviction Relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure (a "Rule 32 Petition") on May 13, 1996. (Id.) In that petition, Grimes challenged all four of his 1987 convictions on mixed grounds, but he never raised an issue about his age at the time of the convictions. (Id.) The trial court dismissed the petition as time barred. (Doc. 10-1, p. 64). Grimes appealed to the Alabama Court of Criminal Appeals (ACCA) who affirmed on September 27, 1996. (Doc. 10-1, p. 66; Doc. 10-4).

Over the next 20 years, Grimes filed four more Rule 32 petitions attacking the 1987 convictions in various ways, all of which were denied by the trial court and the ACCA. (Doc. 10-5 (affirming dismissal of 2000 Petition); Doc. 10-6 (affirming dismissal of 2003 Petition); Doc. 10-7 (affirming dismissal of 2009 Petition); Doc. 10-9 (affirming dismissal of 2015 Petition)).

### ii. In 2016, almost 30 years after he was sentenced, Grimes challenged his 1987 convictions based on his age at the time of the crimes. The trial court vacated two of the four convictions.

In March 2016, almost 30 years after he was convicted and sentenced, Grimes filed his sixth Rule 32 petition raising—for the first time since arraignment—an issue about his age at the time of the 1987 crimes. (Doc. 10-10, p. 57). In November 2017, with consent from the State of Alabama, the trial court vacated the convictions in Case Numbers CC-87-1762 and CC-87-1763 because the burglaries underlying those convictions occurred when Grimes was only 17 years old. (Doc. 10-11, p. 93). The convictions in CC-87-1766 and CC-87-1767, which were based on criminal conduct when Grimes was over the age of 18, were not disturbed. (Id.) Grimes appealed this ruling to the ACCA who, on June 25, 2021, upheld the trial court's order dismissing two

3

of Grimes's four 1987 convictions.[2] (Doc. 10-15). Grimes filed an application for rehearing that was also denied on July 31, 2021. (Doc. 10-17). On August 5, 2021, Grimes filed a petition for writ of certiorari with the Alabama Supreme Court. (Doc. 10-18). The record before this Court suggests the petition remains pending.

### iii. After two of his four convictions were vacated, Grimes moved to withdraw his other two guilty pleas. The Alabama courts denied his efforts, and Grimes now seeks habeas corpus relief from this Court.

Having summarized the relevant parts of this complex procedural history, the Court turns now to the issue giving rise to Grimes's present habeas corpus petition. On May 11, 2020, Grimes filed a motion to withdraw his guilty pleas in CC-87-1766 and CC-87-1767, which the trial court denied the same day. (Doc. 15-1; Doc. 15-2). Grimes appealed the ruling to the ACCA who dismissed his petition stating in relevant part as follows:

> Because the trial court ruled on Grimes's motion to withdraw his guilty plea over 32 years after he entered his plea, it lacked jurisdiction to consider that motion. As such, the trial court's judgment as to that motion is void. "It is well-settled law in Alabama that a void judgment will not support an appeal." *James v. State*, 780 So.2d 696, 698 (Ala. Crim. App. 2000) (quoting *Sloop v. Sloop*, 315 So.2d 635, 636 (Ala. Crim. App. 1992)). Accordingly, this appeal is due to be, and the same is hereby, DISMISSED.

(Doc. 15-6, p. 2). Grimes sought review in the Alabama Supreme Court, who struck the filing on March 11, 2021, for lack of jurisdiction and for Grimes's failure to comply with the Alabama Rules of Civil Procedure. (Doc. 15-13).

The denial of this plea-withdrawal motion is the subject of Grimes's habeas corpus petition. Grimes asserts three grounds for relief in the petition: (1) the trial court

---

[2] Grimes was permitted to file an out-of-time appeal of the trial court's November 2017 order after he alleged that he received a copy of the order too late to appeal it. (Doc. 10-15, pp. 2-3 (discussing procedural history)).

erred by denying Grimes's plea-withdrawal motion; (2) the trial court erred by failing to appoint counsel for Grimes when he moved to withdraw his guilty pleas; and (3) the trial court erred by denying Grimes the right to appeal the denial of his plea-withdrawal motion. (Doc. 1 at pp. 6-8). These claims fail for the reasons set forth below.

## II. ANALYSIS

Grimes seeks relief under 28 U.S.C. § 2254. (Doc. 1). This statute permits federal courts to consider applications for writs of habeas corpus only where a petitioner alleges "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court's review is limited to distinct federal questions, and "a habeas petition grounded on issues of state law provides no basis for habeas relief." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (citing *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983)).

Grimes's habeas claims can be distilled into two constitutional challenges: (1) that his due process rights were violated when the trial court denied his plea-withdrawal motion without a hearing, and he supposedly was precluded from appealing that decision, and (2) that his right to counsel was violated when the trial court did not appoint counsel to represent him on his plea-withdrawal motion. (Doc. 1, pp 6-8; Doc. 25, pp. 1-2). As explained below, these alleged constitutional claims fail because they are untimely and procedurally defaulted. They also fail on the merits.

**A. The habeas corpus petition is untimely and must be dismissed.**

Grimes's habeas corpus petition must be dismissed because it is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of § 2254 petitions. 28 U.S.C. § 2244(d)(1). That

limitations period begins to run from the latest of four events:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Grimes does not contend that the State ever prevented him from filing a habeas action or that his claims are based on any new Supreme Court ruling. Interestingly, Grimes does make a passing suggestion in the habeas petition that he did not appeal his convictions originally because he "did not know about" or "discover" some alleged constitutional violation in time to appeal. (Doc. 1, p. 3). The undersigned finds this notion without merit. Grimes's claims are based on the central idea that all four of his 1987 convictions should be vacated because he was only 17 years old when two of the crimes were committed. Of course, Grimes knew his age at the time; his court-appointed attorney even raised an issue about Grimes's age at arraignment. If Grimes is suggesting that he only recently found out about this, and that subpart (D) of the limitations provision applies to him, the undersigned rejects that idea. Subpart (A) is the only section applicable to Grimes's claims.

> **i.   Under 2244(d)(1)(A), the statute of limitations for Grimes's habeas corpus claims began to run when the underlying convictions became**

**final on November 18, 1987.**

Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on Grimes's habeas petition when his 1987 convictions became final. Grimes's petition challenges two convictions: burglary in the third degree (Mobile Circuit Court Case No. CC-87-1767) and receiving stolen property in the second degree (Mobile Circuit Court Case No. CC-87-1766). (Doc. 1, p. 2). Grimes pleaded guilty to both charges on October 7, 1987, and he was sentenced the same day. (Doc. 10-2, pp. 20, 28). Grimes did not appeal the convictions or the sentences.

Because Grimes did not seek direct review of the judgments in state court, they became final when his time to seek direct review expired. *Phillips v. Warden*, 908 F.3d 667, 671 (11th Cir. 2018) ("[I]f a petitioner fails to timely pursue all available state relief on direct review, his conviction becomes final when the time for seeking review in the relevant state court expires.") Rule 4 of the Alabama Rules of Appellate Procedure determines this date. Under Rule 4, notices of appeal in criminal cases must be filed within 42 days after pronouncement of the sentence. Ala. R. App. P. 4(b)(1). Grimes's sentences were pronounced on October 7, 1987, so the judgments became final on November 18, 1987—42 days later.

In cases like this one, where a petitioner's conviction became final before the effective date of the AEDPA in 1996, petitioners had until April 23, 1997, to file their habeas petitions. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (citing *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998)). For Grimes, this means the statute of limitations expired on his habeas corpus claims in 1997, more than twenty years before he filed the instant petition in 2021. On its face, Grimes's petition is time

barred unless he is eligible for some form of tolling.

**ii.** **The statute of limitations analysis is not changed by Grimes's untimely plea-withdrawal motion or by the trial court's actions on Grimes's other two convictions.**

Grimes tries to escape AEDPA's time restrictions by suggesting that the statute of limitations began to run, not when his convictions first became final, but instead either (1) when the trial court denied his plea-withdrawal motion in May 2020, or (2) when the trial court vacated two of his convictions in November 2017, or (3) when he was granted permission to file an out-of-time appeal in April 2020. (Doc. 1, p. 11; Doc. 25, pp. 5, 18). Grimes is incorrect on all accounts.

First, Grimes argues in his habeas petition that the statute of limitations started to run when the trial court denied his plea-withdrawal motion on May 11, 2020. (Doc. 1, p. 11). However, because Grimes's plea-withdrawal motion was not "properly filed" under Alabama law, neither the motion nor the trial court's denial of that motion impacts the statute of limitations analysis.

The Alabama Rules of Criminal Procedure require a defendant to file a motion to withdraw a guilty plea (which is treated as the functional equivalent of a motion for new trial) within 30 days of the pronouncement of his sentence. Ala. R. Crim. P. 24.1(b); *Grier v. State*, 825 So.2d 873, 874 (Ala. Crim. App. 2001) ("A motion to withdraw a guilty plea is the functional equivalent of a motion for new trial and must be filed within 30 days after the entry of the judgment or imposition of the sentence.") Grimes was sentenced on October 1, 1987. The plea-withdrawal motion that is the subject of his habeas corpus action was not filed until May 2020, many years after sentencing, so it had no effect on the AEDPA statute of limitations. *See Defoe v. Wise*, Case No. 5:21-cv-01492-CLM-

HNJ, 2023 WL 241639, *9 (N.D. Ala. Feb. 7, 2023) (citing 28 U.S.C. § 2244(d)(2); *Allen v. Siebert*, 552 U.S. 3, 4 (2007) ("When a postconviction [application] is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)); *Colbert v. Head*, 146 F. App'x 340, 345 (11th Cir. 2005) (unpublished) (per curiam) (a petitioner's "untimely motion to withdraw his plea of guilty was not a 'properly filed' application for state post-conviction relief that tolled the one-year time period for filing a § 2254 petition)) (additional citations omitted).

This Court finds the reasoning of the Sixth Circuit Court of Appeals in *Eberle* noteworthy: "If [petitioner's] view were the law—if after AEDPA's statute of limitations had fully expired it could be restarted when a petitioner filed a motion to withdraw his guilty plea…habeas petitioners could indefinitely extend the limitations period by delaying the filing of a withdrawal motion. This reading flushes the meaning out of AEDPA's one-year statute of limitations and upends the statute's goal of heading off unwarranted delay." *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 608 (6th Cir. 2013). Like the *Eberle* court, the undersigned finds that Grimes's grossly untimely plea-withdrawal efforts should not be allowed to gut the statute of limitations.

In briefing, Grimes alternatively suggests that AEDPA's statute of limitations retriggered when the trial court vacated two of his convictions in November 2017, or possibly in April 2020, when he was granted permission to file an out-of-time appeal of that order. (Doc. 25, pp. 5, 18). Grimes does not clarify which of these dates he thinks is controlling or how any theories of tolling would apply. Regardless, these dates are not pertinent to the statute of limitations analysis. Grimes's assertion is based on a premise that comes up in several variations throughout his filings: the idea that Grimes's

convictions in Cases CC-87-1766 and CC-87-1767 somehow lost their finality when his convictions in Cases CC-87-1762 and CC-87-1763 were vacated. Because all four cases were pled at the same time, Grimes argues, they are one judgment for purposes of this analysis. Grimes offers no binding authority for this proposition, nor has the Court's research uncovered any. Notably, the Alabama courts have rejected this argument time and again in Grimes's various filings before those courts. (Doc. 10-11, pp. 93-97; Doc. 10-12, p. 74; Doc. 15-2; Doc. 10-15; Doc. 30-5).

Having found no cases within this jurisdiction directly on point, this Court follows the reasoning of the Fifth Circuit Court of Appeals in *In re Lampton*, 667 F.3d 585 (5th Cir. 2012). In *Lampton*, the petitioner had been convicted of two drug-related offenses. The district court subsequently vacated one of the two convictions. The Fifth Circuit Court of Appeals ruled that no "new judgment" had occurred simply because one of the two convictions had been vacated. This analysis is persuasive here. Grimes pleaded guilty in four separate criminal cases. Two convictions were vacated and two were not. Grimes has presented no authority that dictates the judgments in Cases CC-87-1766 and CC-87-1767 were "reopened" in any way.

In conclusion, none of the alternative dates Grimes offers is relevant to the statute of limitations analysis. The two convictions Grimes challenges now became final in 1987, and they were not disturbed by any action the trial court took with respect to his other two convictions. This habeas petition remains time barred.

### iii. The statute of limitations on Grimes's petition cannot be avoided by statutory tolling, equitable tolling, or the miscarriage of justice/actual innocence exception.

Because Grimes's habeas petition is untimely on its face, it must be dismissed

10

unless it can be saved under some theory of tolling or avoidance. There are three

potential ways Grimes's untimely petition could be saved:

(1) **Statutory Tolling** – Under 28 U.S.C. § 2244(d)(2), the one-year limitations period can be tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

(2) **Equitable Tolling** – The limitations period may be equitably tolled if a petitioner shows he has been diligently pursuing his rights but that some extraordinary circumstance stood in his way. *Holland v. State of Florida*, 560 U.S. 631, 649 (2010).

(3) **Miscarriage of Justice/Actual Innocence** – The limitations period may be avoided if a petitioner proffers new evidence of his actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Grimes is not eligible for any of these forms of relief.

First, Grimes did not file any post-conviction motions that tolled the statute of

limitations under 28 U.S.C. § 2244(d)(2). His first Rule 32 motion was filed and

dismissed in 1996, before the statute of limitations even began to run in April 1997. (Doc.

10-1, pp. 37-47; Doc. 10-4). This first petition, therefore, had no impact on the statute of

limitations analysis. Grimes's second Rule 32 petition, and every post-conviction filing

thereafter, were filed and resolved after the statute of limitations expired in April 1998.

Since those applications for state review were filed after the AEDPA limitations period

expired, they did not reset the limitations period. *Moore v. Crosby*, 321 F.3d 1377, 1381

(11th Cir. 2003). This procedural history demonstrates Grimes is ineligible for statutory

tolling.

Second, Grimes is not entitled to equitable tolling. To show a right to equitable

tolling, Grimes would have to demonstrate diligence and some extraordinary

circumstance that prevented him from making a timely habeas claim. *Holland*, 560 U.S.

at 649. Grimes does not present any argument for equitable tolling, and nothing in the record supports it either. Grimes waited almost 10 years before challenging his convictions and almost 30 years before raising an issue about his age at the time of the convictions, a fact undoubtedly known to him all along. Moreover, Grimes does not suggest a single extraordinary circumstance that stood in the way of Grimes challenging his convictions earlier. Without any explanation for the delay in Grimes filing this habeas corpus petition, this Court cannot equitably toll the limitations period.

Finally, Grimes does not qualify for the exception to the statute of limitations based on the existence of a "miscarriage of justice" or "actual innocence." *See McQuiggin*, 569 U.S. at 394-95. To qualify for this exception, Grimes would have to put forth new and credible evidence showing "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 399. Grimes does not claim he is innocent. To the contrary, Grimes submitted an affidavit to the trial court with his plea-withdrawal motion admitting to and detailing his involvement in the crimes leading to his 1987 convictions. (Doc. 15-1, pp. 9-11). This admission of guilt precludes Grimes from qualifying for an "actual innocence" or "miscarriage of justice" exception to the AEDPA one-year limitations period.

In short, Grimes's habeas corpus petition is untimely and does not qualify for any theory of tolling or avoidance. The petition is due to be dismissed with prejudice.

## B. Grimes's claims are procedurally defaulted.

Respondent seeks dismissal of Grimes's petition on the additional grounds that Grimes's claims are unexhausted and procedurally defaulted. As explained below, the question about which of Grimes's claims are exhausted has a less-than-clear answer.

However, even if Grimes has satisfied the exhaustion requirement, his claims are procedurally barred and must be dismissed.

**A. The claims raised in Grimes's habeas petition have been adequately exhausted before the Alabama courts.**

Before a federal court can consider a state prisoner's habeas corpus petition, the court must examine whether the claims have been properly presented to the state courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requires first that the petitioner exhaust his remedies in state court by giving those courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. Related to the exhaustion requirement is the doctrine of procedural default. The general premise of procedural default is that, not only must a petitioner present his federal claims to the appropriate state courts (exhaustion), but he must also do so in the time and manner required by the state courts or risk procedural default. *Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999).

Because exhaustion and procedural default are key issues in this case, it is important to clarify what issues Grimes raised to the Alabama courts and when they were raised. The claims in Grimes's § 2254 petition arise from his May 2020 plea-withdrawal motion, so it is those claims that guide this Court's exhaustion analysis. Grimes filed the plea-withdrawal motion on May 11, 2020, and the trial court summarily denied it the same day. (Doc. 15-1; Doc. 15-2). Grimes appealed that ruling to the Alabama Court of Criminal Appeals. (Doc. 10-12, p. 75). With his notice of appeal, Grimes also filed a Court of Criminal Appeals Docketing Statement which indicated he

was appealing a "Motion to Withdraw a Guilty Plea". (Doc. 10-12, pp. 76-77). That form listed, but did not identify as a basis for appeal, a "Motion for Appointment of Counsel to Assist Defendant's Motion to Withdraw a Guilty Plea," which was purportedly filed on May 8, 2020. (Id. at p. 77).

Grimes identified two issues in that appeal: (1) whether the trial court erred by failing to appoint counsel on his plea-withdrawal motion and (2) whether the trial court erred by failing to hold an evidentiary hearing on his plea-withdrawal motion. (Id.) On June 16, 2020, Grimes filed what appears to be a second notice of appeal with the court again appealing the denial of his second plea-withdrawal motion. (Doc. 10-12, p. 85). The accompanying Court of Criminal Appeals Docketing Statement again lists the "motion to withdraw a guilty plea" as the issue being appealed, again identifies a motion for appointment of counsel that supposedly had been filed on May 8, 2020, and again identifies the issues on appeal to be whether Grimes was entitled to counsel and a hearing on his plea-withdrawal motion. (Doc. 10-12, pp. 86-87). He also added a third basis for appeal: whether his plea withdrawal motion was "meritorious." (Id.)

The ACCA issued an order for Grimes to show cause why his appeal should not be dismissed for "attempting to appeal a nonappealable order." (Doc. 15-3). In response, Grimes made arguments related to "due process and equal protection of law". (Doc. 15-4). He also contended, as he does now, that the trial court somehow regained jurisdiction to consider his plea-withdrawal motion after two of his convictions were vacated. (Doc. 15-4). On December 22, 2020, the ACCA dismissed Grimes's appeal, rejecting his argument that the trial court had jurisdiction to decide his plea-withdrawal motion. (Doc. 15-6). In the ACCA's view, "[b]ecause the trial court ruled on Grimes's motion to

withdraw his guilty plea over 32 years after he entered his plea, it lacked jurisdiction to consider that motion." (Doc. 15-6).

Grimes then filed a petition for writ of mandamus to the Alabama Supreme Court. (Doc. 15-8). In that petition, Grimes argued that due process required the Alabama Supreme Court to order the ACCA to consider his appeal on the merits. (Doc. 15-8, pp. 26, 29). The Alabama Supreme Court issued an order for Grimes to show cause why his petition for writ of mandamus should not be treated as a petition for writ of certiorari and dismissed for failing to comply with the applicable rules of procedure, including Ala. R. App. P. 39(c) which required Grimes to file an application for rehearing in the ACCA (which he did not do). (Doc. 15-10). In response, Grimes pleaded for lenient treatment under the rules and asked the court to "consider the merits of his litigation – and his mandamus petition." (Doc. 15-12, p. 11). On March 11, 2021, the Alabama Supreme Court issued an order stating that Grimes's petition had been "fully considered" and striking the petition for "lack of jurisdiction and failure to comply with the Alabama Rules of Appellate Procedure." (Doc 15-13).

Do these efforts satisfy the exhaustion requirement? For claims to be exhausted, they must have been "fairly presented" to the appropriate state courts. *McNair v. Campbell,* 416 F.3d 1291, 1302 (11th Cir. 2005) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). The Eleventh Circuit Court of Appeals has interpreted this requirement to mean that a habeas petitioner must have presented the state courts with the same claims he presents to the federal court. *Id*. The claims do not have to be verbatim replicas of each other, but they must be similar such that a "reasonable reader" would find the same claims had been offered. *Id*. (quoting *Kelley v. Sec'y for Dept. of Corr.*, 377

F.3d 1317, 1344-45 (11th Cir. 2004)). The undersigned is satisfied from the record that Grimes's claims went through one full round of review in the Alabama courts. Grimes filed his plea-withdrawal motion in the trial court, an appeal in the ACCA, and a petition for discretionary review by the Alabama Supreme Court, all of which were resolved against him. Even if the issues were not verbatim replicas of each other, they are sufficiently similar for this Court to find that Grimes exhausted his remedies at state law regarding the claims raised in his habeas petition.

Grimes also raised the same constitutional issues before the trial court in a Rule 32 petition that the Court denied on August 15, 2022, after Grimes's habeas corpus action was already pending before this Court. (Doc. 30-6). Grimes appealed this ruling to the ACCA, and that appeal is still pending according to the record before this Court. (Doc. 30-8). Because the undersigned concludes that Grimes adequately exhausted his claims on his first round of review through the Alabama courts, the pendency of the ACCA appeal does not change the Court's analysis. If anything, this further supports a conclusion that Grimes has adequately exhausted his state remedies as to the claims in his habeas petition.

Respondent argues against exhaustion for a different reason. According to Respondent, Grimes's claims are not exhausted because Grimes still has claims pending before the Alabama Supreme Court. (Doc. 10, p. 14). While Grimes does have a petition for writ of certiorari pending before the Alabama Supreme Court, that appeal relates to the trial court's November 2017 order vacating only two of his four convictions. The issue in that appellate proceeding—whether Grimes is entitled to have his remaining two convictions vacated—is distinct from the habeas corpus issues currently before this

16

Court. Nevertheless, the issues are related. If the Alabama Supreme Court rules that Grimes's remaining two convictions should have been vacated, that would suggest the plea-withdrawal motion at the center of this habeas action should have been granted. To the extent Grimes attempts to tie his habeas claims to this larger issue, Grimes's habeas claims may not be exhausted and could be subject to dismissal without prejudice to allow the Alabama courts to finish their review. *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (*per curiam*). This is not something the Court must decide today.

## B. Grimes's habeas claims are procedurally defaulted.

Dismissal of this case does not hinge on which issues guide the exhaustion discussion, or whether the claims are definitively exhausted at all, because Grimes's habeas claims are procedurally defaulted. When a prisoner does not raise his federal claim to the state court in the time required by the state's procedural rules, the state court can decide not to review the claim on the merits, i.e., "the petitioner will have procedurally defaulted on that claim." *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010).

Procedural default can arise in two ways. First, a state court might rule that the prisoner's federal claims are barred by a state procedural rule. *Bailey*, 172 F.3d at 1302 (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). In that case, the federal court is required to give deference to the state court's decision. *Id*. (citations omitted). The second way procedural default can arise is if the petitioner "simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default." *Id*. (citing *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998)).

17

Grimes's petition suffers from the first type of procedural default.[3] Grimes waited 32 years after his convictions became final to file his plea-withdrawal motion, and the ACCA ruled that the trial court lacked jurisdiction to consider that motion. (Doc. 15-6). The Alabama Supreme Court agreed and struck Grimes's petition for discretionary review for, among other reasons, "lack of jurisdiction." (Doc. 15-13).

The next question then is whether the last Alabama court rendering judgment "clearly and expressly stated that its judgment rested on a procedural bar, i.e., an adequate and independent state ground." *Bailey*, 172 F.3d at 1303 (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)). The Eleventh Circuit has established a three-part test to answer this question:

> "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim." *Id*. Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. *See id*. Third, the state procedural rule must be adequate, i.e., firmly established and regularly followed and not applied "in an arbitrary or unprecedented fashion." *Id*.

*Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010) (quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)). These three criteria are satisfied. The last court to render judgment on Grimes's claims was the ACCA who ruled that Grimes's claims related to his plea-withdrawal motion failed for lack of jurisdiction. (Doc. 15-6). This ruling clearly and

---

[3] If Grimes's claims are unexhausted as Respondent urges, dismissal with prejudice would still be warranted under the second type of procedural default. "Federal courts may apply state rules about procedural bars to conclude that further attempts at exhaustion would be futile." *Bailey*, 172 F.3d at 1303 (citing *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998)). Under Alabama Rule of Criminal Procedure 32.2(c), Grimes had one year to challenge the 1987 convictions on the grounds he was underage at the time. If he tried to assert those claims now, they would be subject to dismissal as time barred or as an unauthorized second or successive petition in violation of Ala. R. Crim. P. 32.2(b). *See Clark v. Comm'r Ala. Dep't of Corr.*, 988 F.3d 1326, 1329 (11th Cir. 2021).

unmistakably relies on Alabama procedural law; the Alabama court did not make any reference to federal law or make any federal rulings.

## C. Grimes's claims are procedurally defaulted, and he has not shown cause or prejudice that would excuse the default.

Having found that Grimes's claims are procedurally barred, this Court may only review the merits of his claims in two narrow circumstances. First, if Grimes shows both "cause" for the default and actual "prejudice" resulting from the default, the Court may evaluate Grimes's habeas corpus claims on their merits. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)) (additional citations omitted). Second, this Court could grant Grimes's procedurally defaulted claims "to correct a fundamental miscarriage of justice." *Id*. at 892. Neither exception applies here.

As to the first possible exception, both cause and prejudice are lacking. To establish "cause" for a procedural default, Grimes would have to show some external factor kept him from bringing his claims properly in state court. *Henderson*, 353 F.3d at 892 (quoting *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999)). To establish prejudice, he would have to show with reasonable probability that the results of his criminal cases would have been different. *Id*. Grimes has not offered any facts to support a finding of cause or prejudice. He makes no attempt to explain why he did not appeal his convictions back in 1987, even though he surely knew his age was an issue since his court-appointed attorney raised it before the trial court. Nor does Grimes try to justify the decades-long delay in asserting his youth status in a Rule 32 petition before the Alabama courts. As to prejudice, Grimes does not allege any facts that show the

outcome of the remaining two convictions would have been different; he admits he committed the crimes to which he pleaded guilty.

Regarding the second possible exception—that a fundamental miscarriage of justice will occur if Grimes's claims are procedurally barred—Grimes cannot satisfy this exception either. "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id*. at 892. As this Court already noted, Grimes does not assert he is innocent; in fact, he admits he committed the crimes he now tries to avoid. (Doc. 15-1, pp. 9-11). This exception cannot save Grimes's procedurally defaulted claims.

**D. Even if they were not untimely and procedurally defaulted, Grimes's habeas claims fail because he cannot satisfy either prong of 28 U.S.C. § 2254(d).**

Because Grimes's claims are untimely and procedurally defaulted, this Court need not consider them on their merits. *Boerckel*, 526 U.S. at 848; *Bailey*, 172 F.3d at 1299 (not addressing merits of habeas corpus claims that were procedurally defaulted). However, assuming for the sake of argument that Grimes's claims were not otherwise defective, the undersigned would still recommend the claims be denied on the merits.

In order for this Court to issue a writ of habeas corpus, it would have to find that the Alabama courts' adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d); *see also Jones v. Sec'y, Dep't of Corr.,*

644 F.3d 1206, 1209 (11th Cir. 2011). Grimes asserts he is entitled to relief under subpart (d)(2). (Doc. 25, p.1).

According to Grimes, he is entitled to relief under 28 U.S.C. § 2254(d)(2) because the trial court "fail[ed] to correct the Constitutional defects occurring at the critical stage with [his] MOTION TO WITHDRAW A GUILTY PLEA." (Doc. 25, p. 1). As the Court understands Grimes's arguments, he claims the trial court violated his constitutional rights by denying his motion to withdraw his guilty pleas, by failing to appoint counsel or conduct an evidentiary hearing on the motion, and by denying him the right to appeal the issue. (Doc. 25, pp. 1-2).

After careful consideration, the undersigned finds no merit in Grimes's claim that the Alabama courts violated his constitutional rights. First, Grimes was not entitled to counsel to represent him on his untimely and unmeritorious plea-withdrawal motion. Although Alabama courts have held that guilty plea withdrawals are critical stages where a right to counsel attaches, the undersigned's review of those cases indicates that they dealt with timely plea-withdrawal motions. *Ex parte Pritchett*, 117 So.3d 256 (Ala. 2012) (noting that defendant's plea-withdrawal motion was timely); *Casteel v. State of Alabama*, 21 So.3d 11 (Ala. Crim. App. 2008) (defendant's motion to withdraw his guilty plea was filed less than thirty days after he was sentenced); *Berry v. State*, 630 So.2d 127 (Ala. Crim. App. 1993) (no issues raised with regard to the timeliness of defendant's plea-withdrawal motion).

Grimes's case is different. His motion to withdraw his guilty plea was never timely, and no appointed counsel would have cured this defect. Similarly, Grimes was not entitled to an evidentiary hearing on his plea-withdrawal motion, especially where the

motion was to be denied by operation of law. *Smith v. State*, 854 So.2d 1176, 1178 (Ala. Crim. App. 2002) ("There is no requirement, either statutory or in caselaw, that an evidentiary hearing be held on [a motion to withdraw a guilty plea].") Put simply, the plea-withdrawal motion was faulty by operation of law under Ala. R. Crim. P. 24.4 because it was untimely. No court-appointed counsel or evidentiary hearing would have changed that outcome. Finally, Grimes's claim that he was denied an appeal is directly contradicted by the record. Grimes did appeal the trial court's denial of his plea-withdrawal motion, and the ACCA dismissed the appeal. The fact that the ACCA ruled against Grimes is not evidence that he suffered some constitutional violation. Put succinctly, Grimes's habeas claims would be dismissed even if they did not suffer from being untimely and procedurally defaulted.

**E. Grimes's supplemental motions relating to a 2022 state court order are denied.**

Grimes has filed three other motions for this Court to consider: (1) a "Motion to Take Judicial Notice, For Leave to File Supplemental Claims for Relief, and Injunctive Relief," (2) a "Motion for Leave to File Brief in Support/Memorandum of Law: Granting State Court Motion Makes Moot Writ of Habeas Corpus Relief," and (3) a "Motion for Leave to Certify Question from Federal Court." (Docs. 26, 31, and 33). As the Court understands the first of these motions, Grimes was aggrieved when—he says—someone acting on Respondent's behalf agreed to vacate his remaining two convictions and then somehow acted as part of a conspiracy to erase that information from the record. (Doc. 26, ¶¶ 3-4). In the second motion, Grimes changes course and argues that

his remaining convictions in fact *were* vacated on June 10, 2022, and asks this Court to dismiss his habeas corpus petition as moot because he has already been granted the relief he seeks. (Doc. 31). Finally, in his third motion, Grimes requests that this Court certify a question to the Alabama Supreme Court asking it whether the trial court's June 10, 2022 order "is a judgment that Grimes can lawfully claim vacated his conviction." (Doc. 33).

These motions appear to be based on a misreading of several orders from the trial court. The record reflects that Grimes filed a document in the trial court entitled "Petitioner's Motion to Amend Pleadings with Supplemental Claims for Relief." (Doc. 30-2). Wholly unrelated to the title of the motion, Grimes identified the "relief sought" as vacatur of his remaining two criminal convictions. (Doc. 31, p. 6). On June 10, 2022, the trial court entered a short order stating: "Petitioner's Motion to Amend Pleadings with Supplemental Claims for Relief filed by Petitioner is hereby – Granted." (Doc. 30-2). Grimes contends this one-sentence order solved everything, and that his remaining convictions are now vacated. At best, this is a strained reading of the order. At worst, it is an attempt to manipulate the record.

The record shows that the trial court entered another order on July 18, 2022, clarifying its prior order: "Petitioner's Motion to Amend Pleading with Supplemental Claims for Relief filed by Petitioner is GRANTED insofar as Petitioner seeks to amend his petition but is DENIED in all other respects." (Doc. 30-3). Based on this amended order, the undersigned finds that Grimes's supplemental motions lack merit. The trial court has clearly not vacated Grimes's

23

two remaining convictions; they are as firmly in place as they have been since 1987. Grimes's supplemental motions (Docs. 26, 31, and 33) are denied.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (COA) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). When a habeas petition has been denied on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner seeking a COA must show: (1) "'jurists of reason would find it debatable whether the district court was correct in its procedural ruling,' and (2) 'jurists of reason would find it debatable whether the petition states a valid claim of a constitutional right.'" *Lamarca v. Secretary, Dep't of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L.Ed.2d 542 (2000)).

In this case, Grimes's claims are untimely and procedurally barred, and he has not presented this Court with any basis to toll the statute of limitations or to excuse his procedural default. In the undersigned's view, reasonable jurists would not debate that Grimes's § 2254 habeas petition must be dismissed. Nor has Grimes stated any valid claim that his constitutional rights have been denied. Accordingly, Grimes is not entitled to a certificate of appealability as to any of the claims raised in his habeas corpus petition.

24

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties are instructed that, if there is an objection to the undersigned's recommendation against a COA, those objections are to be raised before the district judge in the same way as objections to this report and recommendation are raised.

## IV. CONCLUSION

The undersigned finds that Grimes's habeas corpus claims are untimely and are procedurally defaulted. Accordingly, the undersigned **RECOMMENDS** that Grimes's request for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DENIED**. Grimes is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*. The undersigned **RECOMMENDS** further that the "Motion to Take Judicial Notice, For Leave to File Supplemental Claims for Relief, and Injunctive Relief" (Doc. 26), "Motion for Leave to File Brief in Support/Memorandum of Law: Granting State Court Motion Makes Moot Writ of Habeas Corpus Relief" (Doc. 31), and (3) "Motion for Leave to Certify Question from Federal Court" (Docs. 26, 31, and 33) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 2nd day of May**,** 2023.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**